[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (NO. 114)
The plaintiff slipped upon a step. She says it's a faulty stair. But she was there to serve a writ. So what is the duty of care?
 There are licensees and invitees And trespassers thrown in, too. With different care for different folks, What's a possessor to do? CT Page 9550
 Of course you can say the law's a mess, But in Furstein versus Hill[1]
The Supreme Court left the law in place And these categories to fill.
 The plaintiff's not a trespasser. That, no one contends. She had a privilege to be there To further the public's ends.
 Could she have been an invitee? That's what she argues now. But the defendant didn't want her there. He didn't invite her, I'll vow.
 A licensee is what she was. (The defendant's hopes now revive.) And if you want some law for this, See Restatement Three Forty Five.[2]
 But wait! The case isn't over yet. A licensee isn't fair game For every defective stair in the world Though the standard of care's rather tame.
 What if the possessor had reason to know of an unreasonable risk of harm? What if he didn't exercise care? That sounds the law's alarm.
 And what if the licensee didn't know of the condition and risk involved?[3]
There's still some litigation ahead For this case to get resolved.
 The defendant wants judgment right away, But will summary judgment abide? Given the grist for the jury's mill, The motion is denied.
Jon C. Blue Judge of the Superior Court